## JOHN H. HOYT, APPELLANT, v. FRED BUCKENMYER, RESPONDENT.

### Argued March 3, 1921.—Decided June 20, 1921.

1. Where A, the owner of a farm, encloses within the fence line thereof land not included in the description of the land conveyed to him, and possesses and cultivates all the enclosed land and then conveys the same to B by deed containing the same description, and B enters into possession under the deed of all the land enclosed and cultivates the same, and later conveys to C by the same description the farm without reservation and C enters into possession of all the enclosed land and cultivates it, B cannot subsequently convey to D title to that portion of the land not included within the description used in the deeds from A to B and from B to C and which has been enclosed, possessed and cultivated as a part of the farm by A, B and C during the periods of their ownership.

2. In an action of ejectment the plaintiff must recover upon the strength of his own title. He cannot rely upon the weakness of the defendant's title.

On error to the Supreme Court.

For the appellant, *Harlan Besson*.

For the respondent, *King & Vogt*.

The opinion of the court was delivered by

KATZENBACH, J. This is an action in ejectment brought to recover possession of a quadrangle of land in Hope township, Warren county, fronting one hundred and sixty feet on the northwesterly shore of Green pond, and extending back therefrom approximately five hundred feet. Upon the conclusion of the testimony the trial court directed that a verdict be entered for the defendant dismissing the action. From this judgment the plaintiff below has appealed. The plaintiff at the trial claimed title to this parcel of land under a quit-claim deed made by John G. Anderson (hereinafter referred to as Anderson) and wife, dated April 28th, 1920, and de-

livered to the plaintiff after suit was brought. The pleadings were by consent so amended that the question of whether title had passed under this deed was made an issue in the case. The plaintiff also introduced in evidence deeds which purported to trace his paper title to a deed dated April 1st, 1851, made by William F. Robeson to Charles Scranton, conveying five hundred acres, of which the land in question was a part. This deed, however, contained the following reservation: "Except to such parts of said land and premises as are now claimed by others and had been in their peaceable possession several years." The plaintiff introduced no evidence to show that the land in question was not within this reservation, and at the close of the case admitted that he rested his claim to the land solely upon the deed of April 28th, 1920, made by Anderson and wife.

The evidence showed that the plaintiff owned a farm adjacent to the farm of the defendant; that the disputed parcel of land was between the two farms; that it had been held and used as a part of the defendant's farm for over fifty years; that it was enclosed as a part of the defendant's farm by a stone fence which separated it from the plaintiff's farm; that it had been so enclosed for approximately forty years. The defendant had obtained his farm from Anderson by a deed dated August 10th, 1903. The description in the deed from Anderson to Buckenmyer, the defendant, did not include by metes and bounds the disputed tract of land. Anderson had acquired the farm from his father, David Anderson, by a deed dated February 4th, 1895. David Anderson had acquired his title by a deed dated February 14th, 1860. The tract in dispute was not included within the description of the lands conveyed in the two deeds mentioned. David Anderson, the father, and Anderson, the son, had both occupied, possessed and tilled the parcel of land in question as a part of the farm during their respective ownerships thereof. After the conveyance by Anderson to Buckenmyer, the latter took possession of the land in dispute, cultivated it and was in possession of it at the time of the institution of the action. Anderson, from the date of the delivery of his deed to Buckenmyer, had never

been in possession of the land, or made any claim of ownership to it. The plaintiff, Hoyt, had never made any claim to the land prior to the commencement of the suit. At the trial Anderson testified that at the time of the sale of the farm to Buckenmyer he had reserved nothing.

Upon this evidence we think the ruling of the trial judge in dismissing the action correct. The plaintiff's title depended upon his deed from Anderson. Anderson could give the plaintiff no title to the disputed parcel, for the reason that whatever title Anderson had to the tract he had conveyed to the defendant by his deed of August 10th, 1903. Anderson, as has been said, testified that in his deed to the defendant he reserved nothing. He also stated in his testimony that he desired at the time of his conveyance of the farm to Buckenmyer to give him such rights in the farm as he possessed. Upon receipt of the deed the defendant went into possession of the farm, including the disputed tract, and cultivated it. No objection to this action on the part of the defendant was ever made by Anderson. David Anderson had included as a part of his farm the disputed tract by fencing it in and cultivating and possessing it, although having no paper title thereto. He then deeded the farm to his son by the same description. His son then entered into possession and cultivated the land enclosed. The son then conveyed to the defendant, who entered into possession of all the enclosed land and cultivated it. We think the deed of David Anderson to his son was intended to operate, and did operate, as a transfer of such estate or title as David Anderson had in the disputed tract. Likewise, the deed of Anderson, the son, to the defendant was intended to operate, and did operate, as a transfer of such title as Anderson had in the disputed tract to the defendant. Anderson could not, therefore, having parted with such title as he had in the parcel in question to the defendant, subsequently transfer to the plaintiff title to the same premises. The plaintiff based his right of action solely on the deed of April 28th, 1920, from Anderson to him. In an action of ejectment the plaintiff must recover upon the strength of his own title. He cannot rely upon the weakness of the defend-

ant's title. *Troth* v. *Smith,* 68 *N. J. L.* 36. The evidence showed no title in the plaintiff. As there was, therefore, an entire failure on the part of the plaintiff to show that he had any title to the tract in question the ruling of the trial judge in directing a verdict for the defendant was proper.

The judgment below is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, JJ. 14.

*For reversal*—None.